UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM ISSUED TO STEWART ROBBINS & BROWN, LLC IN THE MATTER OF *WEINER, WEISS & MADISON, APLC AND KANTROW, SPAHT, WEAVER & BLITZER (APLC) v. LESLIE B. FOX*, NO. 16-cv-850 (W.D. La. filed June 16, 2016) | MISCELLANEOUS ACTION<br><br><br><br><br>NO. 17-11-BAJ-RLB |

## ORDER

Before the Court is a Rule 45 Motion to Compel (R. Doc. 1) filed on February 1, 2017 by Weiner, Weiss & Madison, APLC and Kantrow, Spaht, Weaver & Blitzer (APLC) (the Firms). The Firms are plaintiffs in a pending civil action filed against Leslie B. Fox (Ms. Fox) in the Western District of Louisiana for "breach of a contingency fee contract between the Firms and [Ms.] Fox." Complaint at 2, *Weiner Weiss & Madison, APC v. Fox* (*Weiner v. Fox*), No. 16-cv-850 (W.D. La. June 16, 2016). During the course of discovery, the Firms issued a Rule 45 subpoena to non-party, Stewart, Robbins & Brown, LLC (Stewart), commanding that Stewart produce certain documents in Baton Rouge, Louisiana on or before December 9, 2016. (R. Doc. 1-3). Following Stewart's timely objection to the subpoena (R. Doc. 1-4), the Firms filed the instant Motion to Compel Stewart's response. (R. Doc. 1).

Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been

provided notice of the motion to compel. *See Beare v. Millington*, No. 07-3391, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("there is no indication that plaintiffs serve the motion to compel upon [the non-parties]. Thus, the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, No. 12-1906, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying pro se plaintiffs Rule 45 motion to compel against non-party because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does 34-51*, No. 11-2143, 2012 WL 993379, at *1-2 (S.D. Ca. March 23, 2012) (noting that Rule 45(d)(2)(B)(i) requires notice to the responsive party of the motion to compel); Advisory Committee Note to Rule 45 ("Subdivision [(d)](2)(B) . . . is designed to assure that a nonparty servee be notified; it does not dispense with service of the notice of motion on the parties as well").

Here, the record does not indicate that the non-party, Stewart, Robbins & Brown, LLC, has been served with a copy of the Firms' Motion to Compel, as required by Rule 45(d)(2)(B)(i). The record likewise does not indicate that Leslie B. Fox, the defendant in the action pending in the Western District, has been served with a copy of the Motion.[1]  Therefore,

**IT IS ORDERED** that the Firms shall serve both Stewart, Robbins & Brown, LLC and Leslie B. Fox with a copy of the Motion to Compel no later than **February 9, 2017**.  The Firms shall **file proof of service** with the Court no later than **February 10, 2017**.

Signed in Baton Rouge, Louisiana, on February 7, 2017.

_____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Certificate of Service to the instant motion indicates that the motion was filed in the <u>Western</u> District of Louisiana and served on opposing counsel "by *either* electronic notification *or* by U.S. Mail." (R. Doc. 1 at 5) (emphasis added).  It is unclear why there appears to be some uncertainty as to how or whether opposing counsel was notified.  The certificate of service shall indicate how service was made.